Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiff
Douglas E. Bellows

FILED
07 APR 25 PM 3: 27
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# United States District Court
# Southern District Of California

| | |
|---|---|
| DOUGLAS E. BELLOWS,<br><br>PLAINTIFF,<br><br>v.<br><br>ACCOUNTS RECEIVABLE MANAGEMENT, INC.,<br><br>DEFENDANT. | Case No.: 07 CV 0758 BEN CAB<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

ORIGINAL

consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. DOUGLAS E. BELLOWS, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of ACCOUNTS RECEIVABLE MANAGEMENT, INC., ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

---

[1] 15 U.S.C. §§ 1692(a)-(e)
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**   **PAGE 2 OF 10**

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Solana Beach, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Thorofare, County of Gloucester, State of New Jersey.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

//
//
//

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

17. Sometime before February 2, 2007, Plaintiff allegedly incurred financial obligations to HSBC CARD SERVICES that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before February 2, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff takes no position as to whether or not this alleged debt was actually owed.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before February 2, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about February 2, 2007, Defendant sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and in the name of Defendant. (See attached Plaintiff's Exhibit 1).

//

22. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

23. Sometime during the first week of February, 2007, Defendant's agent, "Lisa Daniels," contacted Plaintiff by leaving a voice message on the answering machine at Plaintiff's home.

24. This communication merely stated a telephone number that was subsequently determined to be that of Defendant's business, and a demand that Plaintiff call that number.

25. Without exception, this communication did not provide Defendant's company name or that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. As such, the communication violates 15 U.S.C. §§ 1692d(6). Because this action violated 15 U.S.C. § 1692d(6), it also violates Cal. Civ. Code § 1788.17

26. In this same message, Defendant failed to state that the communication was from a debt collector. As such, Defendant violated 15 U.S.C. § 1692e(11).

27. Defendant failed to disclose its identity in this voice message, and as such, violated Cal. Civ. Code § 1788.11(b).

28. On or about the next day, Defendant's agent, "Mr. McGraw," contacted Plaintiff by leaving a voice message on the answering machine at Plaintiff's home.

29. This communication merely stated a telephone number that was subsequently determined to be that of Defendant's business, and a demand that Plaintiff call that number.

//

//

//

30. Without exception, this communication did not provide Defendant's company name or that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. As such, the communication violates 15 U.S.C. §§ 1692d(6). Because this action violated 15 U.S.C. § 1692d(6), it also violates Cal. Civ. Code § 1788.17

31. In this same message, Defendant failed to state that the communication was from a debt collector. As such, Defendant violated 15 U.S.C. § 1692e(11).

32. Defendant failed to disclose its identity in this voice message, and as such, violated Cal. Civ. Code § 1788.11(b).

33. On or about the next day, Defendant's agent, "Lisa Daniels," again contacted Plaintiff by leaving a voice message on the answering machine at Plaintiff's home.

34. This communication merely stated a telephone number that was subsequently determined to be that of Defendant's business, and a demand that Plaintiff call that number.

35. Without exception, this communication did not provide Defendant's company name or that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. As such, the communication violates 15 U.S.C. §§ 1692d(6). Because this action violated 15 U.S.C. § 1692d(6), it also violates Cal. Civ. Code § 1788.17

36. In this same message, Defendant failed to state that the communication was from a debt collector. As such, Defendant violated 15 U.S.C. § 1692e(11).

37. Defendant failed to disclose its identity in this voice message, and as such, violated Cal. Civ. Code § 1788.11(b).

38. On or about February 13, 2007, Defendant contacted Plaintiff by telephone and demanded payment of the alleged debt.

//

//

39. During this conversation, Defendant stated, in a tone and manner that Plaintiff felt was extremely abusive, degrading, and embarrassing, "You're not a man. You can't pay your bills! Put me on the phone with the man of the house."

40. These statements had the natural consequence of harassing, oppressing, or abusing Plaintiff in connection to the collection of the alleged debt. As such, Defendant violated 15 U.S.C. § 1692d. Because Defendant violated 15 U.S.C. § 1692d, Defendant also violated Cal. Civ. Code § 1788.17.

41. During this same conversation, Plaintiff asked to speak to an agent of Defendant's with whom Plaintiff previously spoke. Plaintiff was not sure of this agent's name, but thought it was "Ron" or "Rodney."

42. In response, Defendant accused Plaintiff of being a "racist" because, according to Defendant, asking for anyone named "Rodney" is tantamount to making a racial slur against Rodney King. Plaintiff felt that Defendant's logic in this regard was a deliberate distortion of Plaintiff's words and meant to abuse and harass him, and Plaintiff asked for a "Rodney" only in an attempt to speak to someone Plaintiff had known from past experience to be less abusive than the agent currently speaking to Plaintiff, by the name of "Rodney."

43. Defendant's unfounded claim that Plaintiff was a "racist" had the natural consequence of harassing, oppressing, or abusing Plaintiff in connection to the collection of the alleged debt. As such, Defendant violated 15 U.S.C. § 1692d. Because Defendant violated 15 U.S.C. § 1692d, Defendant also violated Cal. Civ. Code § 1788.17.

44. During this same conversation, Defendant stated that if Plaintiff failed to pay the alleged debt, Defendant would instruct HSBC CARD SERVICES to file criminal charges against Plaintiff.

//

//

//

45. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

46. This statement also represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt because Defendant never intended to instruct HSBC to file such a charge against Plaintiff. As such, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10). Because Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), Defendant also violated Cal. Civ. Code § 1788.17.

47. This statement also represents the false statement that a legal proceeding has been, will be, or is about to be instituted unless payment of the alleged debt is made. As such, Defendant violated Cal. Civ. Code § 1788.13(j).

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

//

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

53. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 4/23/07

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua B. Swigart
Attorney for Plaintiff

FROM : 0                                PHONE NO. : 1 909 6291216                Feb. 14 2007 01:45PM P1

P.O BOX 129
Thorofare, NJ 08086-0129



ACCOUNTS
RECEIVABLE
MANAGEMENT, INC.

RETURN SERVICE REQUESTED

P.O. Box 129
Thorofare, NJ 08086-0129

February 02, 2007

| Creditor: | HSBC CARD SERVICES |
|---|---|
| Account #: | 5408010016875250 |
| Total Due: | $3441.00 |
| Claim Date: | 02 FEB 2007 |

Acct#: 8742986                5480-6511
DOUGLAS E BELLOWS
1530 GANESHA PL
POMONA CA 91768-1903

**Important Notice**

Dear DOUGLAS E BELLOWS:

Your account was assigned to us for one reason, to secure payment in full.

Please cooperate by mailing your payment. Do not ignore this request.

If payment in full will not be sent or if you need to speak with a representative, please contact us at the below listed number.

LOCAL (856) 931-4500 Ext. 6343   TOLL FREE (800) 220-3350 Ext. 6343

Make payment the quick and easy way. To use our service dial (800) 220-3350, press #1 enter your account number and simply follow the prompts.

For your convenience we also accept the following payment options:

    Western Union Quick Collect
    Money Gram
    Credit Card (Visa, MasterCard, Discover, American Express-please fill out form on bottom portion & return)
    Pay by Phone (Payment will be debited directly from your bank account electronically through the ACH System)

Please call either number above for assistance.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collection agency.
This is an attempt to collect a debt and any information obtained will be used for that purpose.
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION THAT MAY APPLY TO YOU.

---

| Creditor: | HSBC CARD SERVICES |
|---|---|
| Account #: | 5408010016875250 |
| Total Due: | $3441.00 |
| Claim Date: | 02 FEB 2007 |

IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW

☐ VISA    ☐ MASTERCARD    ☐ DISCOVER    ☐ AMER. EXP.
CARD NUMBER                                              EXP. DATE        AMOUNT

SIGNATURE                                                MUST INCLUDE 3 DIGIT
                                                         SECURITY CODE FROM
                                                         BACK OF CARD

Phone number for verification of information if necessary:( _____ ) _____
Payment by credit card will be processed by PayMyBill

DOUGLAS E BELLOWS
1530 GANESHA PL
POMONA CA 91768-1903



Acct#: 8742986
ACCOUNTS RECEIVABLE MANAGEMENT, INC.
P.O. BOX 129
THOROFARE, NJ 08086-0129



PLAINTIFF'S EXHIBIT
**1**
HYDE & SWIGART
(619) 233-7770

PLEASE RETURN THIS PORTION OF THE NOTICE WITH YOUR PAYMENT                5485-6511

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTIONS PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCmain.cfm

**Maine Residents:**
This company is licensed as a collection agency in the State of Maine under the name:
New Jersey Accounts Receivable Management, Inc.

**Massachusetts Residents:**
NOTICE OF IMPORTANT RIGHTS
You have the right to make written or oral request that telephone calls regarding your debt not be made to you at your home or place of employment. Any such oral request will be valid for only place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the collection agency.

| HOURS OF OPERATION | | MASSACHUSETTS HOURS AND ADDRESS |
|---|---|---|
| Monday – Thursday | 8:30 AM – 11:00 PM ET | Monday – Friday 10:00AM – 3:00PM ET |
| Friday | 8:30 AM – 8:00 PM ET | 5230 Washington Street |
| Saturday | 8:00 AM – 12:00 Noon ET | West Roxbury, MA 02132 |

**City of New York Residents:**
CITY OF NEW YORK DEPARTMENT OF CONSUMER AFFAIRS
License Number: 1021362

**North Carolina Residents:**
North Carolina Department of Insurance #3179

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Arizona Residents:**
Our local address is 2394 E. Camelback Rd., Phoenix, AZ 85016. Office hours are: 8:30 a.m. to 4:30 p.m. Monday through Friday.

**Nevada Residents:**
Our local address is 20 Bonneville Avenue Las Vegas, Nevada 89101.

**Washington State Residents:**
Our local address is 512 Bell Street Edmonds, WA 98020-3147.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Douglas E. Bellows

**DEFENDANTS**
Accounts Receivable Management, Inc.,

07 APR 25 PM 3:27
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Gloucester
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joshua B. Swigart
411 Camino Del Rio South
Suite 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**
Unknown

'07 CV 0758    BEN CAB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 et seq

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $** 50,000   Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE ___   Docket Number ___

DATE 4/23/07   SIGNATURE OF ATTORNEY OF RECORD ___

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

137539

ORIGINAL

```
UNITED STATES
DISTRICT COURT
Southern District of California
     San Diego Division

    # 137539 - A2
    April 25, 2007

Code      Case #      Qty    Amount

CV086900  3-07-CV-0758        60.00 CH
  Judge    - BENETIZ
CV086400                     100.00 CH
CV510000                     190.00 CH


Total->                      350.00


FROM: CIVIL FILING
      BELLOWS V. ACCOUNTS RECEIVABLE
      MANAGEMENT INC
      DC8 2004  SH
```